**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
JOHN DOE,                                               :
                                                        :
                              Plaintiff,                :
           v.                                           :
                                                        :
INTEL CORPORATION, ALAA BADR and                        :
ABDUL JARRAR,                                           :
                                                        :
                              Defendants.               :
--------------------------------------------------------- X


**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**
<u>**PURSUANT TO FRCP RULE 10(A)**</u>


**WIGDOR LLP**

Douglas H. Wigdor
Michael J. Willemin
Monica Hincken
Kassandra Vazquez

85 Fifth Avenue
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
mhincken@wigdorlaw.com
kvazquez@wigdorlaw.com

*Counsel for Plaintiff*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

I.      APPLICABLE LEGAL STANDARDS ........................................................................4

      A.     This Litigation Involves Matters that are Highly Sensitive and of a Personal Nature .......................................................................................................................5

      B.     Plaintiff's Identification Poses a Risk of Retaliatory Physical and Mental Harm ....................................................................................................................................6

      C.     Defendant Is Not Prejudiced by Plaintiff Proceeding Anonymously ......................7

      D.     Plaintiff Has Kept His Identity Confidential ...........................................................8

      E.     The Public Will Not Be Prejudiced by Plaintiff Remaining Anonymous ..............8

CONCLUSION..........................................................................................................................9

i

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                      <u>Page(s)</u>

<u>Doe 1 v. McAdam Fin. Grp. LLC</u>,
   No. 22 Civ. 00113 (GHW) (SN), 2022 WL 3579700 (S.D.N.Y. Aug. 3, 2022) ...................... 6

<u>Doe #1 v. Syracuse Univ.</u>,
   No. 518CV0496FJSDEP, 2018 WL 7079489 (N.D.N.Y. Sept. 10, 2018) ................................ 7

<u>Doe v. Alger</u>,
   317 F.R.D. 37 (W.D. Va. 2016) ................................................................................................ 7

<u>Doe v. Cabrera</u>,
   307 F.R.D. 1 (D.D.C. 2014) ..................................................................................................... 6

<u>Doe v. Colgate Univ.</u>,
   No. 15 Civ. 1069 (LEK) (DEP), 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) ................... 6, 7

<u>Doe v. Stegall</u>,
   653 F.2d 180 (5th Cir. 1981) ................................................................................................ 8, 9

<u>Jane Roes 1-2 v. SFBSC Mgmt., LLC</u>,
   77 F. Supp. 3d 990 (N.D. Cal. 2015) ..................................................................................... 8

<u>Sealed Plaintiff v. Sealed Defendant</u>,
   537 F.3d 185 (2d Cir. 2008) ................................................................................................ 4, 5

<u>Rules</u>

FRCP RULE 10(A) ....................................................................................................................... 1, 2

Plaintiff John Doe ("Plaintiff" or "John Doe"), by and through his undersigned counsel Wigdor LLP, hereby files this Memorandum of Law in Support of Plaintiff's Motion to Proceed Anonymously pursuant to Federal Rule of Civil Procedure ("FRCP") 10(a).

## PRELIMINARY STATEMENT

John Doe is a Jewish Israeli executive at Intel, a global multi-technology company, who proudly served in the Israeli Defense Forces ("IDF") before joining the company.  At Intel, John Doe was forced to report to a supervisor – Intel Vice President Alaa Badr ("Badr") – who was openly and proudly supporting the terrorist organization Hamas and celebrating the deaths of Israelis after Hamas's brutal October 7, 2023 attacks on Israel which took the lives of over 1,000 innocent Israelis while hundreds more were taken captive by the terrorist group.  Indeed, Badr openly liked social media posts – for anyone to see – celebrating the death of IDF soldiers, like John Doe, and celebrating "successful" Hamas missile strikes, including one that struck Mr. Doe's family home.  In no uncertain terms, the heinous acts doled by Hamas on October 7, 2023 changed the landscape of the modern world for Israeli Jewish citizens worldwide.

The Israel-Hamas War that erupted after Hamas's October 7th attack has led to a frenetic and violent rise in hate crimes against Jews around the world, but specifically in New York where Plaintiff resides.  According to the Anti-Defamation League (the "ADL"), antisemitic incidents in New York soared 110 percent in 2023 – the highest number the ADL has ever recorded in New York and the second-highest number reported in any state across America.[1] Indeed, nearly 14 percent of all antisemitic incidents reported nationwide in 2023 took place in New York State, and in the fourth quarter of 2023 alone, the ADL recorded 815 antisemitic

---

[1] See https://nynj.adl.org/news/2023-audit-ny/.

1

incidents in New York.[2]  These statistics, of course, only reflect the number of *reported*

incidents.  The actual numbers are likely significantly higher.

New York City Mayor Eric Adams recognized the inherent danger that Jewish people in

New York face when he said that after October 7th, he was seeing a "normalization of

antisemitism in New York…"[3] while district attorneys representing all 62 counties in New York

recognized the increase in violence, condemned violence against Jewish people and pledged to

prosecute hate crimes aggressively.[4]  Despite this, however, violence against Jewish people in

New York has continued to escalate in 2024 with antisemitic hate crimes climbing sharply by 45

percent in the first quarter of the year.[5]  According to New York Police Department ("NYPD")

data, in July 2024 alone, the NYPD investigated 30 anti-Jewish offenses, and there have been

229 antisemitic hate crimes reported in just the first seven months of 2024.[6]

These statistics speak to the reality that all Jewish people are facing, but former IDF

personnel – like John Doe – are at an even greater risk of being targeted both domestically and

by foreign actors if they are revealed to be former IDF military members.  There have been

countless reports of individuals being attacked simply for wearing IDF clothing.[7]  As a result,

John Doe publicly stating he served in the IDF and bringing these claims places him in

---

[2] Id.

[3] See https://www.nyc.gov/office-of-the-mayor/news/417-24/transcript-mayor-adams-calls-for-live-interview-105-1-fm-hd2-rusa-radio-.

[4] See https://www.news10.com/news/crime/new-york-district-attorneys-publish-statement-against-anti-jewish-hate-crimes.

[5] See https://nypost.com/2024/04/18/us-news/antisemitic-hate-crimes-surge-45-in-nyc-in-2024-nypd-data.

[6] See https://nypost.com/2024/08/11/us-news/jewish-man-stabbed-by-attacker-shouting-free-palestine-report.

[7] See, e.g., https://www.adl.org/resources/report/audit-antisemitic-incidents-2023 (reporting a November 2023 incident in which a gym employee wearing an IDF shirt was harassed as a "baby killing Jewish coward."  See also https://nypost.com/2024/01/04/news/jewish-family-harassed-at-nj-mall-over-teens-idf-jacket-horrific/ (reporting a Jewish teenager in New Jersey being harassed for wearing her grandfather's IDF jacket), and https://nypost.com/2022/01/11/hate-crime-charge-for-suspect-who-allegedly-slugged-jewish-man-over-israeli-hoodie/ (man physically attacked for wearing IDF clothing in New York).

significant danger of being subjected to harassment, threats, and physical violence. Given the heightened violence in both the United States and Israel since the October 7th massacre, Plaintiff has a reasonable fear of retaliatory physical harm to both himself and his family if he is publicly named.

Plaintiff is understandably and exceptionally fearful that in filing this Complaint, he (and his family who remain in Israel) are at risk of great harm. This is not a trivial fear. There have been endless reports of Jewish people being attacked simply for existing, including being spit on, beat up, and hit with a baseball bat simply for "looking Jewish."[8] While these seemingly random acts of violence have become commonplace and create a generalized fear, there have also been numerous targeted attacked against Jewish people in New York, including the five Jewish board members of the Brooklyn Museum whose homes were vandalized across Manhattan and Brooklyn after the museum held an exhibition commemorating those killed in the October 7th massacre;[9] the Columbia University executive whose apartment building was vandalized with red paint in the shape of inverted triangles – a symbol used by Hamas to mark Israeli targets, live crickets and mealworms, and threatening posters;[10] the Jewish student hit in the face with rocks while displaying an Israeli flag,[11] and the Jewish man stabbed in the stomach by a suspect yelling "Free Palestine" and shouting "Do you want to die?"[12]

---

[8] See https://www.wsj.com/us-news/i-never-thought-i-could-be-attacked-as-a-jew-in-new-york-cityuntil-it-happened-9c25d246; see also https://nypost.com/2024/04/18/us-news/antisemitic-hate-crimes-surge-45-in-nyc-in-2024-nypd-data.
[9] See https://www.cnn.com/2024/06/12/us/nova-music-festival-exhibition-protest-in-new-york-called-heartbreaking/index.html.
[10] See https://nypost.com/2024/08/08/us-news/pro-palestine-vandals-release-crickets-splash-red-paint-over-columbia-execs-nyc-apartment-building.
[11] See https://nypost.com/2024/04/22/us-news/jewish-columbia-student-says-protesters-burned-his-israeli-flag-hit-him-in-face-with-rocks.
[12] See https://nypost.com/2024/08/11/us-news/jewish-man-stabbed-by-attacker-shouting-free-palestine-report.

It also cannot be overstated the level of risk Plaintiff's family in Israel will be in if he is publicly named given that Hamas is within striking distance of their location and operates with astonishing brutality.  Filing this complaint using Plaintiff's real name unequivocally puts his family's life at risk at the hands of Hamas.

Further, Defendants know Plaintiff's true identity.  Declaration of Douglas H. Wigdor ("Wigdor Decl.") at ¶ 3.  Plaintiff has substantial privacy interests in his identity remaining anonymous, and would suffer significant psychological and potentially physical harm if he is forced to reveal his identity to the public.  Finally, Defendants will suffer no prejudice if Plaintiff is permitted to pursue his claims anonymously.  Accordingly, Plaintiff's Motion to Proceed Anonymously should be granted.

## I.     APPLICABLE LEGAL STANDARDS

It is well settled that it is within the sound discretion of the court to allow a plaintiff to proceed anonymously in judicial proceedings.  See, e.g., Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 190 (2d Cir. 2008).  A district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a plaintiff to proceed under a pseudonym.  Id. at 189 (internal quotation marks and citation omitted) (alteration adopted).

When deciding whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant.  Id. at 189–90.  In balancing these interests, courts consider several factors, including the following "non-exhaustive" list:

1.     whether the litigation involves matters that are highly sensitive and of a personal nature;

2.     whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent nonparties;

4

3.      whether identification presents other harms and the likely severity
        of those harms, including whether the injury litigated against would
        be incurred as a result of disclosing the plaintiff's identity;

4.      whether the plaintiff is particularly vulnerable to the possible harms
        of disclosure, particularly given his or her age;

5.      whether the suit is challenging the actions of the government or that
        of private parties;

6.      whether the defendant is prejudiced by allowing the plaintiff to press
        his or her claims anonymously, whether that prejudice (if any)
        differs at any particular stage of the litigation, and whether any
        prejudice can be mitigated by the district court;

7.      whether the plaintiff's identity has thus far been kept confidential;

8.      whether the public's interest in the litigation is furthered by
        requiring the plaintiff to disclose his or her identity;

9.      whether, because of the purely legal nature of the issues presented
        or otherwise, there is an atypically weak public interest in knowing
        the litigants' identities; and

10.     whether there are any alternative mechanisms for protecting the
        confidentiality of the plaintiff.

Id. at 189-90 (internal quotation marks, citations, and alterations omitted).

A district court is not required to list each of the factors or use any particular formula as

long as the court balances the interests at stake in reaching its conclusion. Id. at 191 n.4. When

balancing these interests, these factors favor granting Plaintiff's request to proceed anonymously

in this action.

### A.      This Litigation Involves Matters that are Highly Sensitive and of a Personal Nature

Under normal circumstances, being a Jewish-Israeli former IDF soldier may not be

considered highly sensitive. But these are not normal times. Since October 7th, the streets of

New York have been swarmed with anti-Israel protests and Jewish and Israeli people have been

5

the targets of numerous attacks in New York, where Plaintiff resides.  As described herein,

people who are *merely believed to be Jewish* have been physically attacked.  Given the current

political climate, this case will likely receive a significant amount of media attention, which will

not only place a direct target on Plaintiff's head but will also have a chilling effect on future

plaintiffs in similar circumstances should Plaintiff be forced to disclose his identity.  See, e.g.,

Doe v. Colgate Univ., No. 15 Civ. 1069 (LEK) (DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr.

12, 2016) ("The Court is also mindful of the potential chilling effect that forcing Plaintiff to

reveal his identity would have on future plaintiffs facing similar situations."); Doe v. Cabrera,

307 F.R.D. 1, 7 (D.D.C. 2014).  See also Doe 1 v. McAdam Fin. Grp. LLC, No. 22 Civ. 00113

(GHW) (SN), 2022 WL 3579700 (S.D.N.Y. Aug. 3, 2022).

      While motions to proceed anonymously are most often seen in the sexual assault context,

the courts have made clear that an action need not involve sexual assault specifically in order to

permit a plaintiff to proceed anonymously.  See Trooper 1 v. N.Y. State Police, No. 22 Civ.

00893 (LDH) (TAM), ECF No.

> Even though Plaintiff has not offered corroboration for her claimed
> risks of harm at this stage, in light of the allegations contained in the
> complaint and the high-profile nature of the case, having the
> plaintiff's name in the public domain, especially in the Internet age,
> could subject the plaintiff to future unnecessary interrogation,
> criticism, or psychological trauma, as a result of bringing this case.
> As a result, the Court finds that a "chilling effect" could result from
> Plaintiff's being required to reveal her identity, which weighs in
> favor of permitting Plaintiff to continue anonymously.

Id. (citations and quotations omitted).

## B.    Plaintiff's Identification Poses a Risk of Retaliatory Physical and Mental Harm

      The second and third factors weigh heavily in favor of allowing Plaintiff to proceed

anonymously.  Defendant Badr has actively celebrated the death of Israelis, going so far as to

like social media posts cheering on burning them alive. The terrorist organization Hamas is within mere miles of Plaintiff's family in Israel. If Plaintiff's identity is made public, he and his family would be at a significant risk of physical harm by both anti-Israel protestors in the United States and the terrorist organization Hamas. See, e.g., Doe v. Alger, 317 F.R.D. 37, 40 (W.D. Va. 2016) (holding that in a case that received "a fair amount of press," the plaintiff could remain anonymous because he would be at an increased risk of harm from people in the community "who would seek to inflict physical or mental harm on Doe if they learned his real name").

It is evident that both anti-Israel protestors in the United States and Hamas have shown through their past conduct that they will use every tool at their disposal to harm those who challenge their anti-Israeli belief systems. There can be little doubt that if Plaintiff's name is disclosed publicly, Plaintiff and his family will be subjected a campaign of intimidation and harassment at the very least, and real physical harm and possibly death at the worst.

**C.    Defendant Is Not Prejudiced by Plaintiff Proceeding Anonymously**

Defendant already knows the true identity of Plaintiff. As such, "Defendant[] would not be prejudiced by an anonymous proceeding because Defendant[] knows specifically who filed this lawsuit." Doe #1 v. Syracuse Univ., No. 518CV0496FJSDEP, 2018 WL 7079489, at *7 (N.D.N.Y. Sept. 10, 2018), report and recommendation adopted, No. 518CV00496BKSML, 2020 WL 2028285 (N.D.N.Y. Apr. 28, 2020) (finding that where the defendants already knew the identity of the plaintiffs, they would not be prejudiced by an anonymous proceeding); see also Doe v. Colgate, 15-CV-1069, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) (Kahn, J.) ("Defendants are aware of [p]laintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether [p]laintiff's identity is disclosed publicly."). Plainly,

nothing about Plaintiff's anonymity prejudices Defendants nor does it in any way impact Defendant's ability to fully litigate this matter.  As detailed herein, however, the disclosure of Plaintiff's name has potentially severe, and dangerous, implications for Plaintiff and his family.

> **D.    Plaintiff Has Kept His Identity Confidential**

Further, Plaintiff has taken meaningful steps to keep his identity confidential.  For example, he has not spoken publicly about the events that underly the causes of action or otherwise publicly disclosed the fact that he is John Doe.  In fact, almost none of Plaintiff's closest family members or friends know that he is John Doe or that he has filed a lawsuit. Moreover, Plaintiff's social media profiles are all on "private" settings such that the general public cannot view the content nor identify him through characteristics or traits noted in the Complaint.

> **E.    The Public Will Not Be Prejudiced by Plaintiff Remaining Anonymous**

"[P]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them."  Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981) (holding that plaintiff was entitled to proceed anonymously). "The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name."  Id. Thus, whether Plaintiff proceeds anonymously is of no matter to the underlying facts and causes of action, however, as detailed above, Plaintiff remaining anonymous is of great importance to his well-being and the well-being of his family who remains in Israel.  See, e.g., Jane Roes 1-2 v. SFBSC Mgmt., LLC, 77 F. Supp. 3d 990, 997 (N.D. Cal. 2015) (finding that "the plaintiffs' interest in safeguarding their personal well-being outweighs the public's interest in knowing the plaintiffs' identities.").

8

Moreover, Badr publicly celebrated the death of Israelis and IDF soldiers.  In essence, Badr publicly celebrated the death of Mr. Doe's community and family – and Mr. Doe, for that matter, who is an Israeli IDF veteran himself.  There is simply no telling, given the growing unrest that floods the streets of New York on a daily basis, the untold harm that would befall Mr. Doe or his family should his identity be revealed.  Doe, 653 F.2d at 186 (permitting plaintiffs to proceed pseudonymously where they faced "threats of violence").

Finally, this action is almost certain to get international media coverage, particularly in Israel given Intel's close ties to Israel – including the fact that Intel is Israel's largest private employer.  See Dkt. No. 1 at ¶¶ 55-57.  As such, terrorist organizations such as Hamas, Hezbollah and the Houthis are virtually certain to learn about this action.  If John Doe is identified, these organizations will be able to identify his family members, many of whom still live in Israel, which will make them targets for international violence.

## <u>CONCLUSION</u>

For the reasons stated herein, Plaintiff respectfully requests that this Court grant

Plaintiff's Motion for Leave to Proceed Anonymously in its entirety, and all other relief this

Court deems just and appropriate.

Dated: August 13, 2024
      New York, New York               Respectfully submitted,

                                  **WIGDOR LLP**

                                  By: _____

                                  Douglas H. Wigdor
                                  Michael J. Willemin
                                  Monica Hincken
                                  Kassandra Vazquez

                                  85 Fifth Avenue
                                  New York, New York 10003
                                  Telephone: (212) 257-6800
                                  Facsimile: (212) 257-6845
                                  dwigdor@wigdorlaw.com
                                  mwillemin@wigdorlaw.com
                                  mhincken@wigdorlaw.com
                                  kvazquez@wigdorlaw.com