Vincent E. Bauer
Law Offices of Vincent E. Bauer
425 Madison Avenue, 17th Floor
New York, NY 10017
Ph: (212) 575-1517
Attorneys for Defendant Alaa Badr

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X

JOHN DOE,

                Plaintiff,

    v.

                                                    Civil Action No.: 24 cv 06117

INTEL CORPORATION, ALAA BADR and
ABDUL JARRAR,

                Defendants.
_____X

## ANSWER

Defendant Alaa Badr, through his attorneys, The Law Offices of Vincent E. Bauer, answers the Complaint filed in this action as follows:

1. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 1.

2. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 2.

3. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 3.

4. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 4.

5. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 5.

6. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 6, except admits that Intel Corporation provided support to its employees in Israel following October 7, 2023.

7. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 7, except admits that Gelsinger made the statement referenced in paragraph 7.

8. Denies the allegations in paragraph 8, except admits that Mr. Badr "liked" tweets, nearly all of which were written in Arabic, and refers to those tweets for their true and correct contents.

9. Denies the allegations in paragraph 9, except admits that Mr. Badr "liked" tweets, nearly all of which were written in Arabic, and refers to those tweets for their true and correct contents.

10. Denies the allegations in paragraph 10, except admits that Mr. Badr "liked" tweets, nearly all of which were written in Arabic, and refers to those tweets for their true and correct contents.

11. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 11.

12. Denies the allegations in paragraph 12, except admits that, on or around February 9, 2024, Plaintiff was reassigned to report to Mr. Badr.

13. Denies the allegations in paragraph 13, except denies knowledge or information sufficient to admit or deny the allegations concerning Plaintiff's emotional state.

14. Denies the allegations in paragraph 14.

15. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 15.

16. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 16.

17. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 17.

18. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 18.

19. Denies the allegations in paragraph 19.

20. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 20.

21. Denies the allegations in paragraph 21, except admits that, in or around early April 2024, Plaintiff's position in SMG was eliminated as part of a reorganization, and that Plaintiff was Mr. Badr's only direct report whose position was eliminated.

22. Denies the allegations contained in paragraph 22, except admits that he hired Mohamed Ahmed in or about May 2024 and denies knowledge or information concerning the sentiments of Mohamed Ahmed.

23. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 23.

24. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 24.

25. Denies the allegations in paragraph 25.

26. Denies that Plaintiff is entitled to any relief under the statutes referenced in paragraph 26.

27. States that paragraph 27 contains legal conclusions as to which no response is required.

28. States that paragraph 28 contains legal conclusions as to which no response is required.

29. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 29.

30. Denies the allegations in paragraph 30, except denies knowledge or information sufficient to admit or deny the allegations concerning Plaintiff's state of residence.

31. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 31, except admits that Intel Corporation is headquartered in California.

32. Denies the allegations in paragraph 32, except admits that Mr. Badr resides in the State of Washington.

33. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 33.

34. Admits the allegations in paragraph 34 upon information and belief.

35. Denies the allegations in the first sentence of paragraph 35, denies knowledge or information sufficient to admit or deny the allegations concerning Intel Corporation's 2023 revenues, and admits the remainder of the allegations in paragraph 35 upon information and belief.

36. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 36.

37. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 37.

38. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 38.

39. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 39.

40. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 40.

41. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 41.

42. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 42.

43. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 43.

44. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 44.

45. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 45.

46. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 46.

47. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 47.

48. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 48.

49. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 49.

50. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 50.

51. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 51.

52. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 52.

53. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 53.

54. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 54.

55. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 55.

56. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 56.

57. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 57.

58. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 58.

59. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 59.

60. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 60.

61. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 61.

62. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 62.

63. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 63.

64. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 64.

65. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 65.

66. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 66.

67. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 67, except admits that Intel Corporation acquired the Startup.

68. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 68.

69. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 69.

70. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 70, except admits the allegations in the first sentence of paragraph 70.

71. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 71.

72. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 72.

73. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 73, except admits the allegations in the first sentence of paragraph 73.

74. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 74.

75. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 75.

76. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 76.

77. Admits the allegations in paragraph 77.

78. Denies the allegations in paragraph 78, except admits that he was and is dedicated to bridging divides, bringing community together, and advocating for cross-cultural competence between Muslims and non-Muslims.

79. Admits the allegations in paragraph 79.

80. Admits the allegations in paragraph 80.

81. Denies the allegations in paragraph 81, except admits that he manages a diverse group of employees.

82. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 82, except admits that, on October 7, 2023, Hamas launched an attack on Israel.

83. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 83, except admits that Israel responded to the attack on Israel.

84. Except to admit that Gelsinger made the statement attributed to him in Paragraph 84, Mr. Badr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84.

85. Denies the allegations in paragraph 85.

86. Denies the allegations in paragraph 86.

87. Denies the allegations in paragraph 87, except admits that Mr. Badr "liked" tweets, nearly all of which were written in Arabic, and refers to those tweets for their true and correct contents.

88. Denies the allegations in paragraph 88, except admits that Mr. Badr "liked" tweets, nearly all of which were written in Arabic, and refers to those tweets for their true and correct contents.

89. Denies the allegations in paragraph 89, except admits that Mr. Badr "liked" tweets, nearly all of which were written in Arabic, and refers to those tweets for their true and correct contents.

90. Denies the allegations in paragraph 90, except admits that Mr. Badr "liked" tweets, nearly all of which were written in Arabic, and refers to those tweets for their true and correct contents.

91. Denies the allegations in paragraph 91, except admits that Mr. Badr "liked" tweets, nearly all of which were written in Arabic, and refers to those tweets for their true and correct contents.

92. Denies the allegations in paragraph 92, except admits that Mr. Badr "liked" tweets, nearly all of which were written in Arabic, and refers to those tweets for their true and correct contents.

93. Denies the allegations in paragraph 93, except admits that Mr. Badr "liked" tweets, nearly all of which were written in Arabic, and refers to those tweets for their true and correct contents.

94. Denies the allegations in paragraph 94, except admits that Mr. Badr "liked" tweets, nearly all of which were written in Arabic, and refers to those tweets for their true and correct contents.

95. Denies the allegations in paragraph 95, except admits that Mr. Badr "liked" tweets, nearly all of which were written in Arabic, and refers to those tweets for their true and correct contents.

96. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 96.

97. Denies the allegations in paragraph 97, except admits that Mr. Badr "liked" tweets, nearly all of which were written in Arabic, and refers to those tweets for their true and correct contents.

98. Denies the allegations in paragraph 98, except denies knowledge or information sufficient to admit or deny the allegations concerning Plaintiff's family.

99. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 99.

100. Denies the allegations in paragraph 100, except admits that he remains employed at Intel.

101. Denies the allegations in Paragraph 101, except denies knowledge or information sufficient to admit or deny the allegations concerning what information was "spreading amongst a group of Intel employees in the Fall of 2023."

102. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 102, except admits that Plaintiff did not report to Mr. Badr until in or about February 2024.

103. Denies the allegations in paragraph 103, except admits that Plaintiff began reporting to Mr. Badr in or about February 2024, and admits, upon information and belief, that Plaintiff was, in February 2024, Mr. Badr's only Israeli direct report.

104. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 104.

105. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 105.

106. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 106.

107. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 107.

108. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 108.

109. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 109.

110. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 110, except admits that Plaintiff reported to Mr. Badr in February 2024.

111. Denies the allegations in paragraph 111.

112. Denies the allegations in the second sentence of paragraph 112, and denies knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 112.

113. Denies the allegations in paragraph 113.

114. Denies the allegations in paragraph 114.

115. Denies the allegations in paragraph 115.

116. Denies the allegations in paragraph 116.

117. Denies the allegations in paragraph 117.

118. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 118, except denies engaging in discriminatory conduct.

119. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 119.

120. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 120.

121. Denies the allegations in the first sentence of paragraph 121, specifically denies any awareness that Plaintiff made the anonymous complaint underlying Intel Corporation's investigation, and denies knowledge or information sufficient to admit or deny the

allegations in the second sentence of paragraph 121, except admits that, in February 2024, Plaintiff was the only Israeli reporting directly to Mr. Badr.

122. Denies the allegations in paragraph 122, except denies knowledge or information concerning whether Intel interviewed Plaintiff, and admits shutting down his X account in February 2024, and that he was interviewed in connection with an investigation into an anonymous complaint.

123. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 123, except denies engaging in discriminatory conduct.

124. Denies the allegation in paragraph 124 that Mr. Badr discovered that Plaintiff had served in the IDF, admits that that Plaintiff's position in SMG was eliminated as part of a reorganization in or about April 2024 and denies knowledge or information sufficient to admit or deny the remainder of the allegations in paragraph 124.

125. Denies the allegations in paragraph 125, except denies knowledge or information sufficient to admit or deny allegations concerning Plaintiff's reaction to being informed that his position in SMG was being eliminated as part of a reorganization.

126. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 126.

127. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 127.

128. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 128.

129. Denies that Intel Corporation took no corrective action against Mr. Badr, and otherwise denies knowledge or information sufficient to admit or deny the allegations in paragraph 129.

130. Denies the allegations in paragraph 130, except admits that Plaintiff's position in SMG was eliminated as part of a reorganization in or about April 2024 and denies knowledge or information sufficient to admit or deny the allegations in paragraph 130 concerning an alternative position for Plaintiff.

131. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 131.

132. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 132.

133. Denies the allegations in paragraph 133, except admits that he hired Mohamed Ahmed in or about May 2024 and that Plaintiff's position in SMG was eliminated as part of a reorganization and denies knowledge or information sufficient to admit or deny the allegations in paragraph 133 concerning Mohamed Ahmed's alleged anti-Israel sentiments.

134. Denies the allegations in paragraph 134, except denies knowledge or information sufficient to admit or deny the allegations concerning Mohamed Ahmed's tweets.

135. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 135.

136. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 136.

137. Denies the allegations in paragraph 137.

138. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 138.

139. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 139.

140. Denies the allegations in paragraph 140.

141. Denies the allegations in paragraph 141.

142. Repeats his responses to the allegations in the preceding paragraphs.

143. Denies the allegations contained in paragraph 143.

144. Denies the allegations in paragraph 144.

145. Denies the allegations in paragraph 145.

146. Denies the allegations in paragraph 146.

147. Denies the allegations in paragraph 147.

148. Repeats his responses to the allegations in the preceding paragraphs.

149. Denies the allegations in paragraph 149.

150. Denies the allegations in paragraph 150.

151. Denies the allegations in paragraph 151.

152. Denies the allegations in paragraph 152.

153. Repeats his responses to the allegations in the preceding paragraphs.

154. Denies the allegations in paragraph 154.

155. Denies the allegations in paragraph 155.

156. Denies the allegations in paragraph 156.

157. Denies the allegations in paragraph 157.

158. Denies the allegations in paragraph 158.

159. Repeats his responses to the allegations in the preceding paragraphs.

160. Denies the allegations in paragraph 160.

161. Denies the allegations in paragraph 161.

162. Denies the allegations in paragraph 162.

163. Denies the allegations in paragraph 163.

164. Repeats his responses to the allegations in the preceding paragraphs.

165. Denies the allegations in paragraph 165.

166. Denies the allegations in paragraph 166.

167. Denies the allegations in paragraph 167.

168. Denies the allegations in paragraph 168.

169. Denies the allegations in paragraph 169.

170. Repeats his responses to the allegations in the preceding paragraphs.

171. Denies the allegations in paragraph 171.

172. Denies the allegations in paragraph 172.

173. Denies the allegations in paragraph 173.

174. Denies the allegations in paragraph 174.

**DEFENSES**

FIRST DEFENSE

Plaintiff's claims are barred for failure to state a claim upon which relief may be granted.

SECOND DEFENSE

To the extent that Plaintiff suffered any injuries, which is denied, Plaintiff failed to minimize or mitigate damages.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH DEFENSE

Plaintiff has failed to exhaust his administrative remedies and/or has elected his remedies.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, or other equitable defenses.

### SEVENTH DEFENSE

The conduct alleged in Plaintiff's Complaint does not rise to an actionable level under the New York State Human Rights Law pursuant to N.Y. Exec. Law § 296(1)(h) and/or under the New York City Human Rights Law pursuant to _Williams v. New York City Hous. Auth.,_ 61 A.D.3d 62, 79-80, 872 N.Y.S.2d 27, 41 (1st Dep't 2009).

Defendant Alaa Badr reserves the right to assert additional defenses as Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, Defendant Alaa Badr respectfully requests that this Court dismiss the claims filed in this action with prejudice, and award Defendants such other relief as the Court deems just and proper.

Dated:   New York, New York

October 14, 2024                              _____s/_____
                                              Vincent E. Bauer
                                              Law Offices of Vincent E. Bauer
                                              425 Madison Avenue, 17th floor
                                              New York, NY 10017
                                              (212) 575-1517

                                              Counsel to Defendant Alaa Badr