**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOHN DOE

                     Plaintiff,

                -against-

INTEL CORPORATION, ALAA BADR and ABDUL JARRAR

                  Defendants.

Civil Action No.  1:24-cv-06117

**ABDUL JARRAR'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Abdul Jarrar ("Jarrar" or "Defendant") by and through his attorneys, Law Offices of Barbara Meister Cummins, hereby answers the Complaint filed in the above-captioned matter in accordance with the numbered paragraphs thereof as follows:

1.      Except to admit that Intel Corporation ("Intel") had revenues of approximately $54 Billion in 2023, and that Intel employs thousands of employees in Israel, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2.      Except to admit, upon information and belief, that Andy Grove was one of the first employees of Intel, Jarrar lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3.      Except to admit that Intel acquired a company specializing in autonomous driving technology, and that it invested in a factory in Kiryat Gat, Israel in 2023, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint

4.      Except to admit that Intel employs more than 10,000 employees in Israel and that John Doe ("Doe" or "Plaintiff") is an employee of Intel, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint

5.      Except to admit that Plaintiff was moved to a Grade 86 in 2024, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint

6.      Except to admit that Intel provided support to its employees in Israel after October 7, 2023, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint

7.      Except to admit that Gelsinger made the statement attributed to him in Paragraph 7, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint

8.      Except to admit that Alaa Badr ("Badr") is a Vice President of Customer Success, and to deny that Gelsinger's words were lip service, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint

9.       Paragraph 9 of the Complaint refers to certain social media posts, which are written documents that speak for themselves.  Jarrar denies any remaining allegations set forth in Paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint refers to certain social media posts, which are written documents that speak for themselves.  Jarrar denies any remaining allegations set forth in Paragraph 10 of the Complaint.

11.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.     Except to admit that Plaintiff was reassigned to report directly to Badr in or about January or February 2024, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.     Except to admit that Plaintiff reported to Badr in or around February 2024, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     Except to admit that an anonymous complaint was made concerning certain social media posts "liked" by Badr, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     Jarrar denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.     Jarrar admits that he advised Plaintiff on April 2, 2024 that his position in SMG was going to be eliminated as part of a reorganization, which was based, in part, on cost cutting measures, and that Plaintiff was the only direct report of Badr whose position was eliminated as part of the reorganization,

3

Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.     Except to admit that Badr hired Mohamed Ahmed, and to deny that Plaintiff's termination was unlawful, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.     Jarrar denies the allegations contained in Paragraph 25 of the Complaint.

26.     Jarrar admits only that Plaintiff purports to bring this action under Section 1981, the New York City Human Rights Law, and the New York State Human Rights Law.

27.     Except to deny that Plaintiff's rights were deprived, Jarrar avers that the allegations set forth in Paragraph 27 of the Complaint constitute conclusions of law to which no response is required.

28.     Except to deny that unlawful discrimination and retaliation occurred, Jarrar avers that the allegations set forth in Paragraph 28 of the Complaint constitute conclusions of law to which no response is required.

29.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31.    Except to admit Intel is a Delaware corporation, and that it is headquartered in California, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33.    Except to admit that he resides in California, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34.    Upon information and belief, Jarrar admits the allegations contained in Paragraph 34 of the Complaint.

35.    Upon information and belief, Jarrar admits the allegations set forth in Paragraph 35 of the Complaint.

36.    Except to admit that upon information and belief, Intel's success was hard-fought by the pioneers who laid the groundwork, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.    Except to admit that upon information and belief, Intel was founded by Robert Noyce and Gordon Moore, and that Grove was one of the first employees, Jarrar lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.    Except to admit that Grove's life is well publicized, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.    Jarrar admits the allegations contained in Paragraph 39 of the Complaint.

40.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46.     Other than to aver that the news article referenced in Paragraph 46 of the Complaint is a document that speaks for itself, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47.     Except to admit, upon information and belief, that Intel announced a billion dollar facility in Kiryat Gat, Israel, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.     Except to admit Intel acquired a company specializing in autonomous driving technology, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53.     Except to admit that Intel invested in a factory in Kiryat Gat, Israel, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.     Except to admit that 2024 marks 50 years since Intel Israel was founded, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55.     Except to admit that Intel employees at least 10,000 employees in Israel, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66.     Paragraph 66 cites to the USCIS website, which speaks for itself.   Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66 of the Complaint.

67.     Except to admit that Intel acquired the Startup, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75.     Except to admit that John Doe was moved to a Grade 86 level, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76.     Except to admit that John Doe received an increase in compensation, Jarrar denies the allegations set forth in Paragraph 76 of the Complaint.

77.     Except to admit that Badr is a Vice President of Customer Success at Intel and that upon information and belief, Badr is an Egyptian Muslim and his team is diverse, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78.     Except to admit that while working at Intel, Badr has conducted himself as someone who is dedicated to bridging divides, bringing community together, and advocating for cross-cultural competence, Jarrar lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint.

80.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

82.     Except to admit that Hamas attacked Israel on or about October 7, 2023, Jarrar lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83.     Except to admit that Israel responded to the attack by Hamas, Jarrar lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84.     Except to admit that Gelsinger made the statement attributed to him in Paragraph 84, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint.

92.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99.     Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100.    Except to admit that Badr continued to work at Intel, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

11

102.    Except to admit that John Doe did not report to Badr until 2024, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint

103.    Except to admit that John Doe was notified that that he would be reporting directly to Badr, and that he lacks knowledge and information as to how many Israelis reported directly to Badr, Jarrar denies the allegations set forth in Paragraph 103 of the Complaint.

104.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint.

106.    Except to admit that an anonymous complaint was made concerning certain social media posts "liked" by Badr, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.    Except to admit that an anonymous complaint was made concerning certain social media posts "liked" by Badr, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint.

108.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint

109.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint.

110.    Except to admit that John Doe reported to Badr during a certain period in 2024, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint.

111.    Jarrar lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the Complaint.

112.    Jarrar denies the allegations contained in Paragraph 112 of the Complaint.

113.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint.

114.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint.

115.    Jarrar denies the allegations contained in Paragraph 115 of the Complaint.

116.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint.

117.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint.

118.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint.

119.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint.

120.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint.

121.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint.

122.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint.

123.    Except to deny that John Doe received abhorrent treatment, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint.

124.    Except to admit that John Doe was told on April 2, 2024 that his position in SMG would be eliminated, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint.

125.    Except to deny that John Doe was one of Intel's most diligent employees and that Doe was terminated because of unlawful discriminatory animus, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint.

126.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint.

127.    Except to admit that Paragraph 127 refers to a document that, if it exists, speaks for itself, and to deny the characterizations in that document, Jarrar denies the allegations contained in Paragraph 127 of the Complaint.

128.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint.

129.    Except to admit that Badr continues to oversee employees in Israel, and to deny that no corrective action was taken against Badr, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint.

130.    Except to deny that John Doe was unlawfully terminated, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint.

131.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint.

132.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint.

133.    Except to admit that Badr hired Mohammed Ahmed, and that Jarrar lacks knowledge and information as to Ahmed's sentiments, Jarrar denies the allegations contained in Paragraph 133 of the Complaint.

134.    Except to admit that Mohammed Ahmed was hired, Jarrar denies the allegations contained in Paragraph 134 of the Complaint.

135.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint.

136.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint.

137.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint.

138.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint.

139.    Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint.

140.    Except to deny that Intel does nothing to protect Israeli employees and that Intel unlawfully terminated Doe, Jarrar lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint.

141.    Jarrar denies the allegations contained in Paragraph 141 of the Complaint.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of Section 1981)

142.     Jarrar repeats and realleges his responses to the allegations set forth in Paragraphs 1-141 of the Complaint with the same force and effect as if fully set forth herein.

143.     Jarrar denies the allegations in Paragraph 143 of the Complaint.

144.     Jarrar denies the allegations in Paragraph 144 of the Complaint.

145.     Jarrar denies the allegations in Paragraph 145 of the Complaint.

146.     Jarrar denies the allegations in Paragraph 146 of the Complaint.

147.     Jarrar denies the allegations in Paragraph 147 of the Complaint.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Section 1981)

148.     Jarrar repeats and realleges his responses to the allegations set forth in Paragraphs 1-147 of the Complaint with the same force and effect as if fully set forth herein.

149.     Jarrar denies the allegations in Paragraph 149 of the Complaint.

150.     Jarrar denies the allegations in Paragraph 150 of the Complaint.

151.     Jarrar denies the allegations in Paragraph 151 of the Complaint.

152.     Jarrar denies the allegations in Paragraph 152 of the Complaint.

## THIRD CAUSE OF ACTION
### (Discrimination in Violation of NYSHRL)

153.     Jarrar repeats and realleges his responses to the allegations set forth in Paragraphs 1-152 of the Complaint with the same force and effect as if fully set forth herein.

154.     Jarrar denies the allegations in Paragraph 154 of the Complaint.

155.     Jarrar denies the allegations in Paragraph 155 of the Complaint.

156.     Jarrar denies the allegations in Paragraph 156 of the Complaint.

157.     Jarrar denies the allegations in Paragraph 157 of the Complaint.

158.    Jarrar denies the allegations in Paragraph 158 of the Complaint.

**FOURTH CAUSE OF ACTION**
**(Retaliation in Violation of the NYSHRL)**

159.    Jarrar repeats and realleges his responses to the allegations set forth in Paragraphs 1-158 of the Complaint with the same force and effect as if fully set forth herein.

160.    Jarrar denies the allegations in Paragraph 160 of the Complaint.

161.    Jarrar denies the allegations in Paragraph 161 of the Complaint.

162.    Jarrar denies the allegations in Paragraph 162 of the Complaint.

163.    Jarrar denies the allegations in Paragraph 163 of the Complaint.

**FIFTH CAUSE OF ACTION**
**(Discrimination in Violation of the NCHRL)**

164.    Jarrar repeats and realleges his responses to the allegations set forth in Paragraphs 1-164 of the Complaint with the same force and effect as if fully set forth herein.

165.    Jarrar denies the allegations in Paragraph 165 of the Complaint.

166.    Jarrar denies the allegations in Paragraph 166 of the Complaint.

167.    Jarrar denies the allegations in Paragraph 167 of the Complaint.

168.    Jarrar denies the allegations in Paragraph 168 of the Complaint

169.    Jarrar denies the allegations in Paragraph 170 of the Complaint

**SIXTH CAUSE OF ACTION**
**(Retaliation in Violation of the NYCHRL)**

170.    Jarrar repeats and realleges his responses to the allegations set forth in Paragraphs 1-169 of the Complaint with the same force and effect as if fully set forth herein.

17

171.    Jarrar denies the allegations in Paragraph 171 of the Complaint

172.    Jarrar denies the allegations in Paragraph 172 of the Complaint

173.    Jarrar denies the allegations in Paragraph 173 of the Complaint

174.    Jarrar denies the allegations in Paragraph 174 of the Complaint

## **PRAYER FOR RELIEF**

Jarrar denies all the allegations and assertions contained in Plaintiff's Prayer for Relief and denies that Plaintiff is entitled to any relief of any kind whatsoever, including any of the relief sought in Paragraphs (A) – (K) of the Prayer for Relief.

## **DEMAND FOR A TRIAL BY JURY**

Jarrar objects to Plaintiff's demand for trial by jury to the extent Plaintiff seeks equitable remedies, as those remedies are to be decided by the Court.

## **GENERAL DENIAL**

Jarrar denies each and every allegation in the Complaint that is not specifically admitted herein.

## **SEPARATE DEFENSES**

Jarrar asserts the following defenses without conceding that he bears the burden of proof as to any of them.  Jarrar reserves the right to add additional defenses as this case proceeds and/or based on information learned during further factual investigation and/or the discovery process.

## **FIRST DEFENSE**

The Complaint fails to state a claim, in whole or in part, against Jarrar upon which relief can be granted.

## **SECOND DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## **THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to properly exhaust his administrative remedies or other prerequisites to bringing this action.

## FOURTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, based upon the doctrines of waiver and estoppels.

## FIFTH DEFENSE

Any and all monies to which Plaintiff is entitled have been paid.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant Intel established procedures reasonably designed, implemented and enforced to be effective in preventing and detecting unlawful conduct as alleged by Plaintiff.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the employment decisions made with regard to Plaintiff were at all times motivated by legitimate, non-discriminatory and lawful factors, and Jarrar at no time acted in an unlawful manner in connection with any decision regarding Plaintiff.

## EIGHTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate his claims of damages, the existence of such damages being hereby denied.

## NINTH DEFENSE

Plaintiff's punitive damages claims are barred because Jarrar did not act with malice or with reckless indifference to the federal, state and locally protected rights of Plaintiff.

## TENTH DEFENSE

Plaintiff is not entitled to punitive damages because Jarrar made a good faith effort to comply with all applicable laws.

## ELEVENTH DEFENSE

Jarrar did not directly or indirectly perform or fail to perform any action which constitutes a violation of rights, if any, of Plaintiff.

### TWELFTH DEFENSE

Jarrar is not a proper party to this action.

### THIRTEENTH DEFENSE

The conduct alleged in Plaintiff's Complaint does not rise to an actionable level under the New York State Human Rights Law pursuant to N.Y. Exec. Law § 296(1)(h) and/or under the New York City Human Rights Law pursuant to *Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 79-80, 872 N.Y.S.2d 27, 41 (1st Dep't 2009).

### FOURTEENTH DEFENSE

Jarrar has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other defenses as additional information becomes available during discovery proceedings or otherwise.  Jarrar further reserves the right to amend his Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable as additional information becomes available during discovery proceedings or otherwise


**WHEREFORE**, Jarrar respectfully requests that the Court dismiss the Complaint with prejudice and enter judgment in its favor, together with the costs of this action, including reasonable attorneys' fees, and that the Court award Catalyst other and further relief as the Court may deem just and proper.

Dated: October 14, 2024

                        Respectfully submitted,

                        LAW OFFICES OF BARBARA MEISTER CUMMINS
                        Attorneys for Abdul Jarrar

s/ *Barbara Meister Cummins*          .
Barbara Meister Cummins
425 Madison Avenue, 17th Floor
New York, New York 10017
212.289.7095 (tel.)
bmeisterc@aol.com